## SUPREME COURT.

### DICKSON agt. McELWAIN.

#### COSTS.

An order granting an *extra allowance* of costs (§ 308), and *costs of the motion,* is not the subject of review by *appeal.* Such allowance or disallowance, are matters resting entirely in the discretion of the judge who holds the court.

*Albany General Term, September* 1852—PARKER, WRIGHT, and HARRIS, *Justices. Appeal from an order granting an extra allowance of costs.* The action was brought upon a promissory note. Before the time for answering expired, an order enlarging the time to answer twenty days, was served. Before the time expired, an answer was served; to which the plaintiff replied, and he also served a notice of trial. Before the trial the defend-

Dickson agt. McElwain.

ant served an amended answer, the effect of which was to throw the cause over the circuit. Before the next circuit, the defendant served on the plaintiff's attorneys an offer to let judgment be entered for the amount of the note. This offer was accepted, and upon this state of facts the plaintiff moved for an extra allowance, on the ground that the defence had been unreasonably or unfairly conducted. The court, at special term, made an allowance of ten per cent on the amount of the recovery, and also ten dollars for the costs of the motion. From this order the defendant appealed.

A. C. GEER, *for Plaintiff.*

N. MILLER, *for Defendant.*

By the Court, HARRIS, Justice.—The making of an extra allowance, under the 308th section of the Code, is, from the necessity of the case, a matter resting in the discretion of the court, to which the application is made. It depends upon the question whether the trial has been difficult or extraordinary, or whether a prosecution or defence has been unreasonably or unfairly conducted. This question must, of course, be decided according to the impression which the facts and circumstances presented may make upon the mind of the judge who holds the court. The same facts and circumstances may make a very different impression upon other minds. There is no legal test by which, upon a review, the propriety of the decision can be determined. Though the order has the effect to increase the judgment against the unsuccessful party, it can not, from the very nature of the question, be the subject of review, upon appeal. The opinion of the judge who made the order is as likely to be right as the opinions of the judges who sat in review.

Nor can that part of the order which grants costs upon the motion be reversed upon appeal. The costs of a motion are always in the discretion of the court (*Code*, § 315). It has not been usual, at least so far as my own experience allows me to know, to allow costs upon such a motion. It is a matter of right for the successful party to present the case to the court for an extra allowance. It is equally a matter of right for the unsuccessful party to resist such application. The decision, upon the

application, rests very much in the discretion of the court; and in such cases, it is not usual to charge either party, whatever the result, with the costs of the motion. But, though we might have been better satisfied with the order, if no costs had been given upon the motion, it is not the subject of review, and the appeal must, therefore, be dismissed. I think, however, it should be without costs.